UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY D. AMAKER,
RUHULLAH HIZUULLAH,
GEORGE FLUELLEN,

               Plaintiffs,

v.                                      **DECISION AND ORDER**
                                          06-CV-490S

COMMISSIONER GLENN S. GOORD, *et al.*,

               Defendants.

## I. INTRODUCTION

Presently, before this Court is the Motion to Certify Class pursuant to Rule 23 of the Federal Rules of Civil Procedure filed by Plaintiff, Anthony D. Amaker, *pro se.* (Docket No. 32). For the reasons stated below, Plaintiff Amaker's Motion to Certify Class is denied.

## II. BACKGROUND

### A. Facts

This Court assumes familiarity with the facts as set forth in the Report and Recommendation of the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge. (Docket No. 88). This Court adopted Judge Schroeder's Report and Recommendation in its entirety. (Docket No. 114).

### B. Procedural History

On March 22, 2006, *pro se* Plaintiffs Anthony D. Amaker and Ruhullah Hizuullah, commenced this action by filing a complaint with the United States District Court for the Northern District of New York. The case was transferred to this Court on July 24, 2006.

(Docket No. 16). On September 11, 2006, *pro se* Plaintiffs Amaker and Hizuullah filed an amended complaint seeking injunctive relief, declaratory judgment, and compensatory and punitive damages for violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). (Docket No. 22). On November 14, 2006, Plaintiff Amaker filed a Motion to Certify Class. (Docket No. 32).

On December 18, 2007, this Court adopted Judge Schroeder's Report and Recommendation granting Plaintiffs' Motions for a Preliminary Injunction, (Docket No. 114), and this Court notes Plaintiff Amaker's Motions for Contempt (Docket Nos. 118, 121, 130, 141, 159, 160, 161), which this Court has taken under advisement and will resolve by separate Order.

### III. DISCUSSION

Aware of the distinct disadvantage that *pro se* litigants face, federal courts liberally construe their submissions to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 586, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). However, the liberal standard applied to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended." DiProjetto v. Morris Protective Service, 489 F. Supp. 2d 305 (W.D.N.Y. 2007), (citing Stinson v. Sheriff's Dep't of Sullivan County, 499 F. Supp. 259, 262 (S.D.N.Y. 1980)). Since Plaintiff is proceeding *pro se*, this Court has considered his submissions and arguments accordingly.

Plaintiff seeks to have his First Amendment and RLUIPA claims certified as a collective action on behalf of inmates "who have been, are, or will be incarcerated in any

correctional facility administered by the State of New York or its agencies or instrumentalities, and who are or become followers of the Nation of Islam Faith." (Docket No. 32, p. 10).  It is well settled that a "*pro se* plaintiff may not act as the representative of a class." Terio v. Johann, No. 05-CV-5918, 2006 WL 2819659, at *1 n.4 (S.D.N.Y. Sept. 29, 2006) (citing Phillips v. Tobin, 548 F.2d 408, 413-15 (2d Cir. 1976)).  As the Second Circuit explained, "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause.  A person must be litigating an interest personal to him." Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).  Accordingly, given the established rule, Plaintiff's Motion to Certify Class is denied without prejudice because Plaintiff is proceeding *pro se.*

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Certify Class (Docket No. 32) is denied without prejudice.

## V. ORDER

IT IS HEREBY ORDERED, that Plaintiff's Motion for Class Action Certification (Docket No. 32) is DENIED.

SO ORDERED.


Dated:     December 7, 2008
           Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge