UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY D. AMAKER, et al.,

                  Plaintiffs,

                                                    DECISION AND ORDER
          v.                                              06-CV-490A

COMM. GLENN S. GOORD, et al.,

                  Defendants.

---

## INTRODUCTION

Currently before the Court are several motions for contempt filed by plaintiff Anthony Amaker, and a motion for a telephone conference. For the reasons stated, the motions for contempt are denied and the motion for a telephone conference is denied with prejudice.

## BACKGROUND

Plaintiff Amaker is a practicing Muslim affiliated with the Nation of Islam. At the time that this action was commenced, plaintiff was incarcerated at Attica Correctional Facility. Plaintiff commenced this action *pro se* along with another inmate, Ruhullah Hizuullah, alleging <u>inter</u> <u>alia</u> violations of their First Amendment right to free exercise of religion and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiffs allege that the defendants, employees and supervisors of the Department of Corrections (DOCS) in New York State, violated their rights by refusing

to permit them to participate in Nation of Islam services because they wear their hair in dreadlocks.  Plaintiffs further allege that they were told by the defendants to either change their religion to Rastafarian or cut their hair.

Plaintiffs filed a motion for a preliminary injunction seeking to enjoin the defendants from interfering with their right to free exercise by prohibiting them from participating in Nation of Islam services unless they cut their hair.  The motion was referred to Magistrate Judge H. Kenneth Schroeder for report and recommendation.  On March 9, 2007, Magistrate Judge Schroeder issued a report and recommendation recommending that plaintiffs' motion for injunctive relief be granted and that the defendants be enjoined from "punishing plaintiffs for refusing to cut their hair or refusing to change their religious affiliation," and from "precluding plaintiffs' attendance at Nation of Islam services and classes because of their dreadlocks."  See Dkt. 88.  By order dated February 18, 2007, Hon. William M. Skretny issued a Decision and Order adopting Magistrate Judge Schroeder's report and recommendation and issued a preliminary injunction to the extent recommended by the Magistrate Judge.

Sometime after the injunction was entered, plaintiff Amaker was transferred to Shawangunk Correctional Facility.  Plaintiff Amaker filed numerous motions for contempt alleging that the defendants had violated Judge Skretny's preliminary injunction order.  The defendants filed responses denying that the injunction was violated.  After the matter was submitted, Judge Skretny transferred the case to the undersigned.

**DISCUSSION**

Plaintiff Amaker's motions for contempt allege that on various occasions, the defendants have violated the terms of the injunction. Specifically, in his motion filed on January 1, 2008, plaintiff alleges that his transfer to Shawangunk Correctional Facility may have been in retaliation for his success in obtaining injunctive relief. See Dkt. 118. He also claims that the defendants have been asking him to sign a waiver of his right to a single cell and have requested that he allow them to put him in a double-cell which he claims would be in violation of DOCS regulations. He claims that as a result of the transfer, he had to miss several Nation of Islam services during the end of December 2007.

On January 22, 2008, plaintiff Amaker filed another motion for contempt reiterating some of the same allegations in the first contempt motion and further stating that he has been subject to disciplinary proceedings and misbehavior reports. It is not clear why the misbehavior reports were issued but the Court notes that the plaintiff does not state that it was due to his refusal to cut his hair. Nor does he allege that he was prevented from attending Nation of Islam services because of his refusal to cut his hair. To the extent that he plaintiff missed services, it appears to be due to his transfer to a new correctional facility. See Dkt. 121.

On February 22, 2008, plaintiff filed a third motion for contempt claiming that his cell was searched and that various religious items were taken, specifically, 27 white candles, a hot pot and a mirror. He indicates that a misbehavior report was filed charging him with possession of flammable materials and tampering with electricity. See Dkt. 130, 131.

On July 1, 2008, plaintiff filed yet another motion for contempt alleging that he believes that mail between himself and the other plaintiff, Ruhullah Hizuullah, has been interfered with because he has written plaintiff Hizuullah on numerous occasions without any response.  See Dkt. 141.  Along with that motion for contempt, plaintiff also filed a motion for a telephone conference between himself and plaintiff Hizuullah.  See Dkt. 142.

The defendants have responded to plaintiff's various motions for contempt denying any violation and claiming that they are in full compliance with Judge Skretny's injunction order.

Under the terms of the preliminary injunction, the defendants are prevented from: (1) refusing to permit the plaintiff to attend Nation of Islam services *because of his dreadlocks*; (2) requiring the plaintiff to either cut his hair or change his religion to Rastafaran; and (3) punishing the plaintiff *because of his refusal to cut his hair*.  The Court finds that plaintiff has failed to show that the terms of the injunction have been violated.  Nowhere in his various motions does the plaintiff say that he has been prevented from attending Nation of Islam services because of his dreadlocks.  It appears that plaintiff has been permitted to attend services, except for a brief period of time at the end of December 2008 when he was transferred to a new correctional facility.  Plaintiff speculates that the transfer *may* have been motivated by an intent to retaliate.  Although a retaliatory transfer would arguably be in violation of Judge Skretny's order, the Court finds that plaintiff has failed to put forth evidence of retaliatory intent. The Court will not infer retaliation based only on plaintiff's unsupported

speculation. Plaintiff also claims that he has been subject to disciplinary proceedings for alleged violations of DOCS regulations - specifically, possession of flammable materials and tampering with electricity. Plaintiff does not allege that the punishment was because he refused to cut his hair. Judge Skretny's injunction order was quite specific, and did not provide plaintiff with immunity from following all other DOCS regulations. In issuing the injunction, both Judge Skretny and Magistrate Judge Schroeder were mindful of the need to narrowly tailor the injunction so as to "not immerse the federal judiciary in the management of state prisons." See Report and Recommendation, at 7 (quoting Fisher v. Goord, 981 F. Supp. 140, 167-68 (W.D.N.Y. 1997). The preliminary injunction does not insulate the plaintiff from failing to comply with otherwise valid DOCS regulations. In short, because there has been no allegation that plaintiff has been punished because of his refusal to cut his hair, the motions for contempt must be denied.

As to plaintiff's motion for contempt due to interference with mail between himself and plaintiff Hizuullah, the motion is denied at this juncture because plaintiff offers no evidentiary support for his allegation of misconduct. However, as for plaintiff's motion for a telephone conference, that motion is denied without prejudice to be revisited by Magistrate Judge Schroeder in the course of conducting further pretrial proceedings. This matter will be referred back to Magistrate Judge Schroeder for further proceedings in a separate order of referral to be issued herewith.

## CONCLUSION

For the reasons stated, plaintiff Amaker's motions for contempt, Dkt. 118, 121,

130 and 141 are denied, and his motion for a telephone conference, Dkt. 142, is denied without prejudice.

　　　　　SO ORDERED.

　　　　　　　　　　　　　　　　　　　　s/ *Richard J. Arcar*a
　　　　　　　　　　　　　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　　　　　　　　　　　　　CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT
DATED:  March   10   , 2009