**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**ANTHONY D. AMAKER,**

**and**

**RUHULLAH HIZBULLAH,**                                    **06-CV-490A(Sr)**

                        **Plaintiffs,**

**v.**

**Commissioner Glenn S. Goord, et al.,**

                        **Defendants.**
_____


## DECISION AND ORDER

         This case was referred to the undersigned by the Hon. Richard J. Arcara,

pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon

dispositive motions.  Dkt. #177.


         Plaintiffs' complaint alleges that members of the Nation of Islam/Al-Islam

seeking to follow doctrine prohibiting the cutting of their hair were denied their rights

pursuant to the First Amendment to the United States Constitution and the Religious

Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), by DOCS' policy of

refusing to permit individuals who have designated their religion as anything other than

Rastafarian to wear dreadlocks.  Dkt. #22.


         Currently before the Court is plaintiff Anthony D. Amaker's motion to

compel disclosure of the identities of defendant Deborah Doe and of  Cental Office

Review Committee ("CORC"), members who considered plaintiffs' grievance appeals. Dkt. #138.

On January 10, 2007, prior to the preliminary pretrial conference, plaintiffs served interrogatories seeking, *inter alia*, identification of Debby Doe, who was last seen working near the SHU visit room area near the reception draft room on September 29, 2006 during the 7-3 shift.  Dkt. #138, p.7, ¶ 1.  Plaintiffs' amended complaint alleges that at the school building on specified dates between April 1st and August 19, 2006, C.O. Debby Doe refused to allow plaintiff Hizullah to attend Islamic classes because he was wearing dreadlocks.  Dkt. #22, ¶ 14.  In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Attorney General shall make reasonable inquiries into the identity of the female corrections officer working at the school building on the dates set forth in the amended complaint and at the time of scheduled Islamic classes and report to the Court its efforts in this regard no later than **April 21, 2009.**

Plaintiffs also requested identification of every employee on the CORC panel which decided seven grievances related to plaintiffs' claims.  Dkt. #138, p.8, ¶ 4. However, CORC's failure to decide plaintiffs' grievance appeals in their favor does not give rise to a constitutional claim.  *See Hofelich v. Hopkins*, No. 07-CV-6549, 2009 WL 210449, at *2 (W.D.N.Y. Jan. 26, 2009). As a result, plaintiffs cannot pursue a constitutional claim against these individuals.  The Court notes that plaintiffs have served the appropriate parties with respect to their constitutional challenge to the

validity of the policy on which CORC based its determination of plaintiffs' grievances. Accordingly, this aspect of plaintiffs' motion to compel is denied.

**SO ORDERED.**

DATED:      Buffalo, New York
            March 25, 2009

 **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**