UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY D. AMAKER,

and

RUHULLAH HIZBULLAH,                                    06-CV-490A(Sr)

                Plaintiffs,

v.

COMMISSIONER GLENN S. GOORD,
et al.,

                Defendants.
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #177.

Currently before the Court are a number of motions filed by plaintiff Anthony Amaker, including several motions for contempt (Dkt. #221, 224, 228 & 229), a motion for preliminary injunction (Dkt. #227), and a motion to hold this case in abeyance. Dkt. #230.

By Order entered June 23, 2010, the Hon. Richard J. Arcara adopted this Court's Report, Recommendation and Order and granted plaintiffs' motion for summary judgment insofar as plaintiffs sought permanent injunctive relief and permanently enjoined defendants from punishing plaintiffs for refusing to cut their hair or refusing to

change their religious affiliation and from precluding plaintiffs' attendance at Nation of Islam services and classes because of their dreadlocks. Dkt. #245. As plaintiff Amaker's motion to renew the preliminary injunction seeks the same relief awarded in the permanent injunction, this motion (Dkt. #227), is moot.

Plaintiff Amaker moved to hold this case in abeyance on the ground that DOCS' Directive 4913 limited the amount of legal work he could possess, thereby preventing him from prosecuting his multiple lawsuits.[1] Dkt. #230. Subsequently, plaintiff petitioned the Court of Appeals for the Second Circuit for a writ of mandamus seeking an expedited hearing on his motions for contempt. Dkt. #247. As a result, plaintiff's motion to hold the case in abeyance (Dkt. #230), is denied.

Plaintiff Amaker's motions for contempt raise serious issues regarding DOCS' compliance with the preliminary injunction order entered by the Hon. William M. Skretny on December 18, 2007. Dkt. #115. That order enjoined defendants "from (1) precluding Plaintiffs' attendance at Nation of Islam services and classes on account of Plaintiffs' dreadlocks, and in relation thereto from (2) punishing Plaintiffs for refusing to cut their hair or refusing to change their religious affiliations" and warned that "failure to comply with this Order by any named Defendant, anyone knowingly acting on their behalf or in concert with them, or anyone inducing, directing, aiding, or abetting in any manner, others not to comply with this Order, may be subject to civil and/or criminal contempt proceedings." Dkt. #115.

---

[1] In the Western District of New York, plaintiff has five actions currently pending: 06-CV-490; 07-CV-279; 09-CV-396; 10-CV-88 & 10-CV-464.

Defendants' response to plaintiff Amaker's motions for contempt attach a misbehavior report indicating that corrections officers stopped plaintiff Amaker as he was entering Nation of Islam services and informed him that because "only inmates of the Rastafarian faith may have dreadlocks," he was being given "a formal notification that in order for him to continue to attend NOI services, . . . he would have to change his hair style" and, when plaintiff Amaker became "defensive" and "boisterous" and informed the corrections officers that they were "violating a court order," he was issued a misbehavior report. Dkt. #240, pp.13-14. As he returned to his cell and attempted to present corrections officers with a copy of a document, he was subjected to a second misbehavior report. Dkt. #240, p.41.

Given these circumstances, the Court finds it necessary to conduct a hearing with respect to plaintiff Amaker's motions for contempt and appropriate to appoint counsel to represent him in this matter. *See* 28 U.S.C. § 1915(e)(1) (courts have the inherent authority to assign counsel to represent indigent litigants).

Each lawyer - especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice - has an ethical obligation under the Code of Professional Responsibility to provide *pro bono* services for the poor. New York Code of Professional Responsibility, Canon 2, EC 2-16; EC 2-25. "Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged." EC 2-25. In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available
> upon the Court's request for appointment to represent or

assist in the representation of indigent parties.
Appointments under this rule shall be made in a manner
such that no attorney shall be requested to accept more
than one appointment during any twelve month period.

It is in this spirit that the Court assigns **Michael S. Deal, Esq**., Lipsitz Green Scime Cambira LLP, 42 Delaware Avenue, Suite 120, Buffalo, NY 14202-3924, *pro bono*, to faithfully and diligently represent plaintiff in this case.

The Clerk of the Court is directed to provide Mr. Deal a copy of this Order and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel. This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: www.nywd.uscourts.gov. The Chief Judge of the Court will also issue an Order directing PACER to waive its fees so *pro bono* counsel can access and print at no cost to him or his firm any other documents filed herein that he may need.

A status conference will be held with the undersigned on **Tuesday, August 24, 2010 at 10:00 a.m.**, for the purpose of scheduling the contempt hearing and discussing the logistics of obtaining testimony from relevant witnesses.

**SO ORDERED.**

DATED: Buffalo, New York
July 20, 2010

   s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**