**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ANTHONY D. AMAKER, et al.,**

                           **Plaintiffs,**          **06-CV-490A(Sr)**

**v.**

**COMMISSIONER GLENN S. GOORD, et al.**

                           **Defendants.**

---

## ORDER

On or about December 30, 2011, this Court was orally advised by Reginald Fluellen, plaintiff's brother, that plaintiff, George Fluellen, died on June 13, 2011. To the extent the Estate of George Fluellen, by the Administrator or Representative of the Estate, wishes to proceed with this action, this Court hereby directs the Estate of George Fluellen, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, that a Notice of Suggestion of Death, to include a copy of the death certificate, must be filed with this Court within **30 days**. Rule 25(a) provides in part:

> A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In addition, as provided in Rule 25(a), within **90 days** from the filing date of the Notice of Suggestion of Death, the Estate of George Fluellen, by its Administrator

or Representative, must then file and serve a motion to be substituted for the plaintiff George Fluellen in this matter.[1]

The failure to timely file and serve such Notice of Suggestion of Death and such motion to substitute the Administrator or Representative of the Estate of George Fluellen for the plaintiff George Fluellen within time periods set forth above, will result in the dismissal of that portion of this action by plaintiff George Fluellen.

**SO ORDERED.**

**DATED:** Buffalo, New York
January 9, 2012

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

---

[1] *See Labounty v. Coughlin*, No. 93 Civ. 3443(BSJ), 2003 WL 21692766, at *5 (S.D.N.Y. July 21, 2003) (holding that by reason of plaintiff's *pro se* status, the 90 day period ran from the date of entry of the Court's Order, and not upon service of the Suggestion of Death, which was served more than 90 days earlier), *citing*, *McCorkle v. Juchenwicz*, No. 94 CIV 6363(TPG), 1999 WL 163205, at *2 (S.D.N.Y. Mar.23, 1999) (stating, "[i]n all fairness, [a *pro se* plaintiff] cannot be expected to be conversant with the rules about substitution after the death of a party, and in particular cannot be expected to know about Rule 25.").