UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY D. AMAKER,

and

RUHULLAH HIZBULLAH,                                             06-CV-490A(Sr)

        **Plaintiffs,**

v.

**COMMISSIONER GLENN S. GOORD,**
et al.,

        **Defendants.**
_____

**GEORGE FLUELLEN,**

        **Plaintiff,**

v.

**COMMISSIONER GLENN S. GOORD,**
et al.,

        **Defendants.**
_____

## DECISION AND ORDER

      This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #177.

## PROCEDURAL BACKGROUND

Plaintiffs Amaker and Hizbullah signed the same amended complaint in this action (Dkt. #22), however plaintiff Fluellen submitted a separate complaint which was assigned its own civil case number. 06-CV-602 at Dkt. #1. In each case, plaintiffs complained that members of the Nation of Islam/Al-Islam seeking to follow doctrine prohibiting the cutting of their hair were denied their rights pursuant to the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), by the New York State Department of Correctional Services' ("DOCS'"), policy of refusing to permit individuals who have designated their religion as anything other than Rastafarian to wear dreadlocks. Dkt. #22 & 06-CV-602 at Dkt. #1. Given the factual and legal similarities between the two actions, the Court consolidated 06-CV-602 with this action. 06-CV-602 at Dkt. #32.

Plaintiffs' motions for a preliminary injunction were granted and the defendants were "enjoined from (1) precluding Plaintiffs' attendance at Nation of Islam services and classes on account of Plaintiffs' dreadlocks, and in relation thereto from (2) punishing Plaintiffs for refusing to cut their hair or refusing to change their religious affiliations." Dkt. #115 & 06-CV-602 at Dkt. #33.

By Decision and Order entered June 23, 2010, the Hon. Richard J. Arcara adopted this Court's recommendation that plaintiffs' RLUIPA claims be dismissed against the individual defendants and that plaintiffs' claims for monetary damages under RLUIPA be dismissed as barred by sovereign immunity, but that an injunction be

entered permanently enjoining defendants from punishing plaintiffs for refusing to cut their hair or refusing to change their religious affiliation and from precluding plaintiffs' attendance at Nation of Islam services and classes because of their dreadlocks and awarding plaintiffs' summary judgment on their cause of action alleging a violation of their free exercise rights pursuant to the First Amendment of the United States Constitution. Dkt. #245. As a result, liability has been established, and the only remaining issue to be resolved is the appropriate amount of monetary damages.

Plaintiff Anthony Amaker moved to hold defendants in contempt of the preliminary injunction, prompting the Court to assign counsel to represent plaintiff Amaker and conduct an evidentiary hearing regarding defendants' compliance with the Court's preliminary injunction. Dkt. #249.

By motion filed September 24, 2012, plaintiff moved to expunge from his record any of the disciplinary charges obtained in violation of his rights under RLUIPA and the First Amendment. Dkt. #300. In support of his motion, plaintiff states that his disciplinary record will be reviewed by the Parole Board during his upcoming parole hearing and that it affects his inmate classification, ability to transfer among facilities and ability to access programs. Dkt. #300.

Defendants failed to respond to plaintiff's motion.

By Decision and Order entered October 3, 2012, the Hon. Richard J. Arcara adopted this Court's recommendation that sanctions be imposed against

defendants for their contempt of the Court's preliminary injunction in the amount of $19,600. Dkt. #303.

In *Powell v. Ward*, the Court of Appeals affirmed the district court's order expunging records of disciplinary proceedings which were conducted in contempt of the district court's preliminary injunction as "an appropriate remedy to compensate plaintiffs for the continued violation of their rights." 643 F.2d 924, 933 (2d Cir. 1981); *See Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991) ("We upheld the expungement of records of noncomplying disciplinary hearings in [*Powell v. Ward*] as a compensatory remedy for civil contempt."). In the instant case, the Court agrees that any reference to the disciplinary charges stemming from the October 30, 1999[1] and December 10, 1999 incidents set forth in the Court's Report, Recommendation and Order addressing plaintiff's motions for contempt of this Court's preliminary injunction should be expunged as an additional compensatory remedy for defendants' violation of that injunction. Accordingly, the Court recommends that plaintiff's motion (Dkt. #300), be granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

---

[1] Although this disciplinary charge was dismissed, it is unclear whether dismissal is the functional equivalent of expungement.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:   Buffalo, New York
         August 8, 2013

                                       ***s/ H. Kenneth Schroeder, Jr.***
                                       H. KENNETH SCHROEDER, JR.
                                       United States Magistrate Judge