UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY D. AMAKER,

and

RUHULLAH HIZBULLAH,                                                          06-CV-490A(Sr)

              **Plaintiffs,**

v.

**COMMISSIONER GLENN S. GOORD,**
et al.,

              **Defendants.**
_____

**GEORGE FLUELLEN,**

              **Plaintiff,**

v.

**COMMISSIONER GLENN S. GOORD,**
et al.,

              **Defendants.**
_____

## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #177.

Plaintiffs Anthony Amaker, Ruhullah Hizbullah and George Fluellen,[1] commenced this action *pro se*, alleging that as members of the Nation of Islam/Al-Islam seeking to follow doctrine prohibiting the cutting of hair, they were denied their rights pursuant to the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), by the New York State Department of Correctional Services' ("DOCS'"), policy of refusing to permit individuals who have designated their religion as anything other than Rastafarian to wear dreadlocks. Dkt. #22.

By Order entered December 18, 2007, the Hon. William M. Skretny entered a preliminary injunction enjoining defendants from (1) precluding Plaintiffs' attendance at Nation of Islam services and classes on account of Plaintiffs' dreadlocks, and in relation thereto from (2) punishing Plaintiffs for refusing to cut their hair or refusing to change their religious affiliations." Dkt. #115

By Decision and Order entered June 23, 2010, the Hon. Richard J. Arcara adopted this Court's recommendation that plaintiffs' RLUIPA claims be dismissed against the individual defendants and that plaintiffs' claims for monetary damages under RLUIPA be dismissed as barred by sovereign immunity, but that an injunction be

---

[1] Plaintiffs Amaker and Hizbullah signed the same amended complaint in this action (Dkt. #22), however plaintiff Fluellen submitted a separate complaint which was assigned its own civil case number. 06-CV-602 at Dkt. #1. Given the factual and legal similarities between the two actions, the Court consolidated 06-CV-602 with this action. 06-CV-602 at Dkt. #32. Mr. Fluellen is deceased and Reginald Fluellen has been substituted as the administrator of the Estate of George Fluellen. Dkt. #304.

entered permanently enjoining defendants from punishing plaintiffs for refusing to cut their hair or refusing to change their religious affiliation and from precluding plaintiffs' attendance at Nation of Islam services and classes because of their dreadlocks and awarding plaintiffs' summary judgment on their cause of action alleging a violation of their free exercise rights pursuant to the First Amendment of the United States Constitution. Dkt. #245. As a result, liability has been established, and the only remaining issue to be resolved is the appropriate amount of monetary damages.[2]

Plaintiff Anthony Amaker moved to hold defendants in contempt of the preliminary injunction, prompting the Court to assign counsel to represent plaintiff Amaker and conduct an evidentiary hearing regarding defendants' compliance with the Court's preliminary injunction. Dkt. #249.

By Decision and Order entered October 3, 2012, the Hon. Richard J. Arcara adopted this Court's recommendation that sanctions in the amount of $19,600.00 be imposed against defendants for their contempt of the Court's preliminary injunction. Dkt. #303.

Currently before the Court is plaintiff's counsel's motion for attorney's fees incurred in the prosecution of the contempt motions. Dkt. #315. Defendants did not respond to this motion.

---

[2] Mr. Hizbullah has agreed to settle his claim. Dkt. #320.

"It is well settled in this Circuit that costs, including reasonable attorneys' fees, may be awarded to the party who prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior." *New York State National Organization for Women v. Terry,* 952 F. Supp. 1033, 1043 (S.D.N.Y. 1997), *aff'd* 159 F.3d 86 (2nd Cir. 1998). "When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). Where a court finds willful contempt, the Court of Appeals has endorsed a presumption that attorney's fees will be awarded. *Id.* ("a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt."). "A willful contempt is one where the contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." *Terry,* 952 F. Supp. at 1043 (internal quotation omitted).

Inasmuch as the Court found that there was no evidence that DOCS and DOCS' counsel's office made any attempt to comply with the preliminary injunction and that even after plaintiff provided defendants with a copy of the preliminary injunction, Superintendent Bradt directed Captain Hughes not to discuss the preliminary injunction with staff at Attica and refused to dismiss a misbehavior report issued in violation of the preliminary injunction, there can be no doubt but that defendants' contempt of this Court's preliminary injunction was willful. Dkt. #297, pp.16-17.

Moreover, 42 U.S.C. § 1988 provides that in any action or proceeding to enforce a provision of 42 U.S.C. § 1983 or RLUIPA, the court, "in its discretion, may

allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." The calculation of a reasonable attorney's fee is governed by the lodestar approach, which requires the Court to multiply "the number of hours reasonably expended" by a "reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). In order to properly assess whether hours were reasonably expended, the application should include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (internal quotations and citations omitted). A reasonable rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "[T]rial courts enjoy considerable discretion in determining the appropriate amount of attorney fees." *Weitzman*, 98 F.3d at 720.

The Court finds that $225 is a reasonable hourly rate for an attorney of Mr. Deal's experience[3] and notes its familiarity with Mr. Deal's competence before this Court. Moreover, the Court finds that Mr. Deal's billing detail generally sets forth a reasonable number of hours devoted to the contempt motions, including review of an extensive file, conferring with plaintiff, attempted settlement negotiations, negotiating

---

[3] Mr. Deal was admitted to practice in New York 2001 and admitted to practice in this Court in 2002.

and preparing evidentiary stipulations, three days of hearings involving six witnesses and the filing of a post hearing memorandum. However, the Court will exercise its discretion to reduce the number of hours expended on the post hearing memorandum to 35 hours. As a result, it is recommended that Mr. Deal be awarded $24,705.00

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:	Buffalo, New York
	October 17, 2013

	 <u>s/ H. Kenneth Schroeder, Jr.</u>
	H. KENNETH SCHROEDER, JR.
	United States Magistrate Judge