**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**ANTHONY D. AMAKER,**

         **Plaintiff,**

v.

**COMMISSIONER GLENN S. GOORD,**
**et al.,**

         **Defendants.**
_____

                              **06-CV-490A(Sr)**

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #345.

Currently before the Court is defendants motion *in limine*. Dkt. #352.

**Criminal History**

Defendants shall be permitted to elicit from plaintiff upon cross-examination the fact that plaintiff has been convicted of a felony and, during the time frame relevant to the instant action, was incarcerated within the New York State Department of Corrections and Community Supervision. Defendants shall not question plaintiff as to the nature of the felony conviction or the length of his sentence.

**Compensatory Damages**

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  In *Thompson v. Carter*, the Court of Appeals for the Second Circuit determined that this statute encompasses federal civil rights actions brought to vindicate constitutional rights.  284 F.3d 411, 417 (2d Cir. 2002).  Although the constitutional provision at issue in *Thompson* was the Eighth Amendment, the Court of Appeals noted that the weight of authority applied the limitation on recovery to constitutional claims generally, including First Amendment claims*. Id., citing Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001) (rejecting determination in *Canell v. Lightner*, 143 F.3d 1210 (9th Cir. 1998), and *Amaker v. Haponik*, No. 98 CIV 2663, 1999 WL 76798 (S.D.N.Y. Feb. 17, 1999), that 1997e(e) does not apply to First Amendment Claims because "the plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted), *cert. denied*, 536 U.S. 904 (2002), *and  Allah v. Al-Hafeez*, 226 F.3d 247 (3rd Cir. 2000) (finding damages for the harm suffered as a result of defendants' alleged violation of plaintiff's First Amendment right to free exercise of religion barred by 1997e(e)); *but see King v. Zamiara*, __ F.3d __, 2015 WL 3448699, at *3 (collecting cases reflecting circuit split with respect to applicability of 42 U.S.C. § 1997e(e) to First Amendment claims before determining that "deprivations of First Amendment rights are themselves injuries, apart from any mental, emotional, or physical injury that might also arise from the deprivation").

In the instant case, although the Court has no doubt that plaintiff suffered injury as a result of defendants' violation of his free exercise rights pursuant to the First Amendment of the United States Constitution, *to wit*, disciplinary confinement to special housing for approximately 200 days and repeated denial of access to religious services and celebrations, in accordance with the precedent of the Court of Appeals for the Second Circuit, compensation for such injury is barred by 42 U.S.C. § 1997e(e) because of the absence of an accompanying physical injury.

**Nominal Damages**

42 U.S.C. § 1997e(e) does not affect the availability of nominal damages for the violation of a constitutional right.  *Thompson*, 284 F.3d at 418.  Accordingly, the Court awards plaintiff $1.00 as nominal damages for the violation of his right to free exercise of religion pursuant to the First Amendment of the United States Constitution.

**Punitive Damages**

42 U.S.C. § 1997e(e) does not affect the availability of punitive damages for the violation of a constitutional right.  *Thompson*, 284 F.3d at 418.

"In order to justify an award of punitive damages, the defendant's unlawful conduct must surpass a certain threshold."  *McCardle v. Haddad*, 131 F.3d 43, 52 (2d Cir. 1997).  "A jury may be permitted to award punitive damages in a § 1983 action when it finds that the defendant's violation of federal law was intentional, or 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it

involves reckless or callous indifference to the federally protected rights of others.'" *Id.* at 52-53, *quoting Smith v. Wade*, 461 U.S. 30, 56 (1983). "[P]laintiff is not entitled to an instruction allowing the jury to award punitive damages unless there is evidence that the defendant's conduct could be so characterized." *Id.* at 53.

Plaintiff's amended complaint successfully challenged a decision of the Central Office Review Committee, which was afforded the status of a directive of the New York State Department of Correctional Services, allowing only those inmates who identified as Rastafarian the ability to maintain dreadlocks. Specifically, the Court determined that there was "no legitimate reason for DOCS to afford members of only one religious denomination the opportunity to adhere to a sincerely held religious belief precluding cutting of hair." Dkt. #235, p.24. However, the enforcement of DOCS' policy regarding dreadlocks does not, standing alone, rise to the level of conduct evincing an evil motive or callous indifference to inmates' rights.

The Court invited plaintiff to proffer evidence which would support his claim of punitive damages against individual defendants. Upon consideration of that proffer (Dkt. #356), and review of the amended complaint (Dkt. #22), the Court determines that the only defendant potentially subject to a claim of punitive damages is defendant Klodzinski, who is alleged to have "pointed out Plaintiff Amaker in front of Plaintiff Hizbullah to another officer, stating that Amaker was going to be his next victim." Dkt. #22, ¶ 8. As such a statement could infer evil motive, plaintiff's claim of punitive damages may proceed to trial against defendant Klodzinski.

Plaintiff's request for Ruhullah Hizbullah to testify as a witness is granted. The remainder of plaintiff's requests for inmate witnesses are denied as plaintiff has proffered no basis for the Court to infer that such witnesses have information relevant to the issue remaining in this trial, *to wit*, whether defendant Klodzinski demonstrated an evil motive by selecting plaintiff for enforcement of the policy restricting dreadlocks to Rastafarian inmates. Plaintiff's request to call all of the defendants, with the exception of defendant Klodzinski, is denied for the same reason.

**SO ORDERED.**

DATED:   Buffalo, New York
         June 5, 2015

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**